UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GHASSAN ABDULLAH AL SHARBI, by his )
father and next friend, Abdullah Al Sharbi, )
               Petitioner, )
                )
                )
    v. )
                )
                )
GEORGE W. BUSH, President of the United )
States; DONALD RUMSFELD, United States )
Secretary of Defense; GORDON R. )
ENGLAND, Secretary of the United States )
Navy; JOHN D. ALTENBURG, JR., )       1:05-cv-2348 EGS
Appointing Authority for Military Commissions, )
Department of Defense; Brigadier General JAY )
HOOD, Commander, Joint Task Force, )
Guantánamo Bay, Cuba, and Colonel BRICE A. )
GYURISKO, Commander, Joint Detention )
Operations Group, Joint Task, Guantánamo Bay, )
Cuba, )
               Respondents. )

**PETITIONER GHASSAN ABDULLAH AL-SHARBI'S EMERGENCY MOTION TO ENJOIN MILITARY COMMISSION PROCEEDINGS AGAINST HIM AT LEAST UNTIL ENTRY OF THE DECISION IN HAMDAN V. RUMSFELD (U.S. SUPREME COURT, DOCKET NO. 05-184)**

Petitioner Ghassan Abdullah Al-Sharbi, by his attorneys, respectfully moves this Court

for an order enjoining further proceedings against him in a Military Commission, currently in

progress at the U.S. Naval Base, Guantánamo Bay, Cuba, at least until the United States

Supreme Court renders a decision in *Hamdan v. Rumsfeld,* docket number 05-184, or until such

later time as may be necessary in light of such procedural or other guidelines that may be

reflected by the opinion(s) of the United States Supreme Court in that case.

DOWNS
RACHLIN
MARTIN PLLC

**Present Status of Case**

This case is subject to a STAY ordered *sua sponte* on March 17, 2006, pending the outcome of the appeal in *Al Odah, Khaled A.F. v. USA* , Civil No. 05-5064, in the United States Court of Appeals for the District of Columbia Circuit (hereinafter *Al Odah*). In its minute ORDER, this Court stated: "The removal of this case from the Court's active calendar should not discourage the filing of appropriate pleadings." This motion is brought pursuant to the leave so accorded counsel.

**Statement of Points and Authorities**

1. The validity, jurisdiction, and procedures of military commissions established by Presidential Military Order No. 1 (November 13, 2001) have been briefed and argued in the United States Supreme Court in *Hamdan v. Rumsfeld*, docket number 05-184 (hereinafter *Hamdan*), pursuant to grant of a writ of certiorari. Oral argument was held on March 28, 2006, and the case is presently *sub judice*.

2. Trial of an accused before a tribunal lacking jurisdiction, vested with constitutionally defective procedures, or otherwise invalid constitutes "irreparable harm" to the accused. *Hicks v. Bush*, No. 02-299-CKK (D.D.C. Nov. 14, 2005, mem. op.) (hereinafter *Hicks*) at 8. A copy of Judge Kollar-Kotelly's, Memorandum Opinion is attached hereto as Exhibit A.

3. The harm, if any, to the United States from a delay of the military commission proceedings now in progress against Petitioner, is a matter of minor logistical inconvenience only and, in any case, significantly less than the harm to Petitioner by

DOWNS
RACHLIN
MARTIN PLLC

virtue of his continued subjection to a proceeding that is claimed to be invalid. *Hicks*, at 9.

4.    The grant of certiorari in *Hamdan* by the United States Supreme Court attests, *eo ipso*, that Petitioner in the instant case has a substantial likelihood of success on the merits. *See Hicks*, at 13.

5.    Whether the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148 (2005), Pub. L. No. 109-463 (2006), constitutionally succeeds in stripping courts of the United States of jurisdiction to hear and determine petitions for writs of habeas corpus presented by detainees at the United States Navy Base, Guantánamo Bay, Cuba and whether, if it does, its effect is retroactive to cases, such as the instant case, which were pending when the DTA was enacted are issues raised by the United States Supreme Court during oral argument in *Hamdan* and have been raised *sua sponte* by the United States Court of Appeals for the District of Columbia in the pending case of *Al Odah v. U.S.*, No. 05-5064 (D.C.Cir.) (*sua* sponte Order of January 4, 2006). A copy of the Per Curiam Order in *Al Odah* is attached hereto as Exhibit B. Thus, this Court need not address the effect, if any, or the retroactive versus prospective application of the DTA.

6.    It is in the public interest that adjudicative proceedings of doubtful validity be suspended until their validity decided by the highest court of the United States in a case now before it for decision. *Hicks*, at 11.

7.    This Court, per Kollar-Kotelly, D.J., has previously enjoined a similar Guantánamo military commission case in *Hicks*. That case is, in all pertinent respects, parallel to the instant case. The Appointing Authority, which convenes military commissions

DOWNS
RACHLIN
MARTIN PLLC

ordered that Military Commission proceedings against Ibrahim al Qosi be stayed

pending the outcome in *Hamdan*, as reflected in the December 17, 2004 ORDER of

Friedman, J. in *Al Qosi v. Bush*, No. 04-1937 (hereinafter *Al Qosi*). A copy of Judge

Friedman's ORDER is attached hereto as Exhibit C.

## Pertinent Facts

Petitioner, Ghassan Abdullah al Sharbi was designated for trial by Military Commission

by Presidential determination on July 6, 2004, more than two years after he was captured by

United States forces. *See* Charge Sheet, Exhibit D. On information and belief, Petitioner was

not served with charged until late November or early December 2005 and appeared for the first

time before the Military Commission on April 27, 2006[1] – more than four years after he was first

captured by the United States. Petitioner's case before the Military Commission is ordered to

reconvene at Guantánamo the week of May 15. A copy of the latest Commission designation of

trial terms, dated May 4, 2006, is attached hereto as Exhibit E. *See* designation of Petitioner's

case for the week of May 15.

## Ground for Emergency Relief

Because further hearings in this case are imminent, Petitioner respectfully asks the Court

to exercise its authority under LCvR 7(b) and require Respondents to reply in fewer than the

eleven days provided in the Rule. This should occasion no hardship for Respondents, as they

have already confronted this issue in *Hicks,* in which cases this Court granted a stay of Military

Commission proceedings pending the outcome of *Hamdan*.

---

[1] The undersigned (Rachlin) was present at the April 27, 2006 session.

**Legal Standard**

The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held. *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). There are four factors considered by the Court in its analysis of a motion for preliminary injunctive relief. To prevail, the moving party must demonstrate (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable harm without injunctive relief, (3) that an injunction would not substantially harm other interested parties, and (4) that issuance of the injunction is in the public interest. *Cobell v. Norton,* 391 F.3d 251, 258 (D.C. Cir. 2004); *CityFed Fin. Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C. Cir. 1995). In this Circuit, injury is irreparable only if it is "both certain and great." *Wisconsin Gas v. FERC,* 758 F.2d 669, 674 (D.C. Cir. 1985). This requires that the alleged harm "be actual and not theoretical" and "of such *imminence* that there is a 'clear and present' need for equitable relief to prevent irreparable harm." *Id.* (quoting *Ashland Oil, Inc. v. FTC,* 409 F. Supp 297, 307 (D.D.C.), *aff'd,* 548 F.2d 977 (D.C. Cir. 1976) (internal citation omitted)). The four factors are taken in totality. For example, the Court has held that an injunction may be issued by the court "with either a high probability of success and some injury, or *vice versa.*" *Hicks,* at 13 (quoting *Cuomo v. United States Nuclear Regulatory Comm'n,* 772 F.2d 972, 974 (D.C. Cir. 1985)). A preliminary injunction is an "extraordinary measure," and should be granted only where the movant has met his burden of persuasion. *Cobell,* 391 F.3d at 258.

**Argument**

    1. <u>The Grant of Certiorori in *Hamdan* by the United States Supreme Court attests, *eo ipso,* that Petitioner Has a Substantial Likelihood of Success on the Merits.</u>

Petitioner has a substantial likelihood of success on the merits because the granting by the United States Supreme Court of *certiorari* in *Hamdan* indicates there are substantial arguments that the military commission has no jurisdiction. *See Hamdan*, 415 F.3d 33, 36-37 (D.C. Cir. 2005), *cert. granted* (No. 05-184). This court has held that a challenge to military commissions should be adjudicated pre-commission where the petitioner has raised any substantial arguments that the military commission has no jurisdiction. *Id.* at 36. Here, the Supreme Court's grant of *certiorari* in *Hamdan*, a case factually similar to this case, indicates a significant likelihood of Al Sharbi's success on the merits. *See id.*

Furthermore, this court has made clear the gravity of the outcome of *Hamdan*. *Hicks*, at 13 ("...the court emphasizes that *Hamdan* is a unique, highly contentious case involving unprecedented and high-profile claims regarding the propriety of military commission jurisdiction"). In *Hicks*, this gravity and the imminent resolution of *Hamdan* combined with a strong showing of the other factors necessary for injunctive relief to persuade the court to allow an injunction to "rightfully 'preserve the relative positions of the parties' until the full and complete contours of military commission jurisdiction are elucidated by the nation's highest appellate court." *Id.* Because the facts of that case are on all fours with this case, the court should similarly resolve that there is sufficient likelihood of success on the merits for injunctive relief.

2. Without Injunctive Relief, Petitioner Will Suffer Irreparable Harm Due to Prejudice.

Petitioner will suffer irreparable harm without an injunction, because of the prejudice he will suffer at any future tribunal, and the corresponding damage to his reputation. The Court has found irreparable harm where there exists a "clear and imminent risk of being subjected to a military commission which had not been ultimately determined by the Supreme Court to have

DOWNS
RACHLIN
MARTIN PLLC                                                                            6

jurisdiction over [a] Petitioner." *Hicks*, at 8. Here, if Petitioner is tried by a tribunal

consequently deemed not to have jurisdiction over him, then he would have been tried by a

tribunal without any authority to adjudicate the charges against him in the first place, potentially

subjecting him to a second trial before a different tribunal. *Id.* at 9. Significantly, proceedings

which ultimately may be determined to be unlawful cannot be "undone," and because

jurisdictional authority is requisite for legal proceedings before any tribunal, Petitioner faces

irreparable injury absent an injunction. *See id.* at 9; *Cobell v. Norton,* 334 F.3d 1128, 1139

("The remedy by appeal is inadequate. It comes after trial, and if prejudice exists, it has worked

its evil and a judgment of it in a reviewing tribunal is precarious") (quoting *Berger v. United

States*, 255 U.S. 22, 36 (1921)). In addition, the D.C. Circuit has previously held that the injury

suffered by a party required to participate in proceedings overseen by an impartial judicial

authority whom the party has objected to, is by its nature irreparable. *See Cobell*, 334 F.3d. at

1139.

Moreover, a trial would give the prosecution a dry run and a free look at Al Sharbi's

defense. Also, even if the military commissions are later invalidated, a trial will do irreparable

damage to Petitioner's reputation at an international level Finally, an invalid trial would waste

the government's money and pro bono counsel's time and resources.

3. <u>An Injunction Would Cause Insubstantial Harm to the United States, Because Any Harm
   Caused Would Be Merely Logistical.</u>

The only harm suffered by the United States is not evidentiary or prejudicial in nature,

but rather merely logistical. *See Hicks*, at 9-10. For example, this court has found that concerns

regarding loss of time and resources, a need for rescheduling, and speculative arguments

regarding disruption of other military commissions proceedings are insufficient reasons to deny

Downs
Rachlin
Martin pllc

7

injunctive relief. *Id.* The facts of this case are no different than *Hicks*; the United States fails to show it will suffer irreparable injury if Petitioner is granted injunctive relief.

    4.  The Issuance of the Injunction is in the Public Interest, Because Questions of Separation of Powers Affect the Fabric of Democracy.

"Since questions regarding the separation of powers are fundamental to the fabric of our democracy, it is in the public interest that any question regarding the separation of powers as applied to the military commission proceedings at issue be ultimately clarified before such proceedings further ensue." *Id.* at 19. Here, as in *Hicks*, "it would not be in the public interest to subject [Petitioner] to a process which the highest court in the land may determine to be invalid." *See id.* at 11.

Additionally, given the intense scrutiny of the Guantánamo Bay detainees, both nationally and abroad, the public is best served by ensuring the process meets constitutional muster. Here, the validity of the military commissions is uncertain. Permitting Petitioner's case to go forward in the midst of this uncertainty would be a disservice to the public.

## Conclusion

One cannot predict with confidence when the United States Supreme Court will decide *Hamdan*, let alone how it will decide the case. Where the case was argued at the end of March, it is reasonable to suppose that a decision will be forthcoming in a matter of a few months. Moreover, there seems a reasonable probability that if the Military Commission process, as it is now being conducted at Guantánamo, is upheld, the Court will likely offer guidance with respect to the procedures necessary to assure that the proceedings go forth with rules and procedures consonant with the United States Constitution.

Downs
Rachlin
Martin PLLC

8

At present there are no rules of evidence, other than what the Presiding Officer, from moment to moment deems relevant. Miliary Commission Order No. 1, August 31, 2005 (hereinafter *MCO 1*), attached hereto as Exhibit F, ¶ 6(d)(1).[2] Petitioner is to be excluded from the courtroom when certain sensitive evidence against him is presented. *MCO 1*, ¶ 6(B)(3). Counsel is forbidden to share with Petitioner the contents of any evidence that is designated classified or law enforcement sensitive. *Protective Order No. 1*, January 23, 2006, attached hereto as Exhibit G, ¶3(a)-(b); *Protective Order No. 2*, January 23, 2006, attached hereto as Exhibit H; *Protective Order No. 3*, January 23, 2006, attached hereto as Exhibit I, ¶ 5(a). The charges against Petitioner, sounding mainly in conspiracy, raise substantial questions about the viability of such charges in the context of war crimes triable by Military Commission.

A "trial" in which rules are made up *ad hoc*, in which a defendant is denied the right to confront witnesses, hear inculpatory evidence against him, or even be informed by his counsel what that evidence is so that he has an opportunity to refute it is closer to Kafka's *Der Prozeß* than to what civilized nations, most especially the United States, are accustomed to view as a fair trial.

Until the Supreme Court has pronounced on the validity of these Commissions and offered what guidance for the future that it chooses – and until Commission procedure is reformed to comply with such guidance – the Commission proceeding against Petitioner serves no purpose other than to give the United States Government an advance peek at his defenses, to the irreparable prejudice of Petitioner.

---

[2] The only rule of evidence is the Presiding Officer or the Commission as a whole believes that "the evidence would have probative value to a reasonable person." Thus, there is no advance notice to the accused of what rules will be applied.

DOWNS
RACHLIN
MARTIN PLLC

WHEREFORE, Petitioner Ghassan Abdullah Al Sharbi requests this Court enter an order

enjoining military proceedings against him at least until entry in the decision of *Hamdan*.

Burlington, Vermont
May 4, 2006

                                                    DOWNS RACHLIN MARTIN PLLC

                                          By _____
                                                    Robert D. Rachlin
                                                    Charity R. Clark
                                                    199 Main Street
                                                    P.O. Box 190
                                                    Burlington, VT 05402-0190
                                                    Telephone: 802-863-2375
                                                    Fax: 802-862-7512

                                                    ATTORNEYS FOR PETITIONER
                                                    GHASSAN ABDULLAH AL SHARBI

BTV 479893 1

DOWNS
RACHLIN
MARTIN PLLC                                                                                    10