**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

)
GHASSAN ABDULLAH AL SHARBI,        )
                                   )
                Petitioner,        )
                                   )
           v.                      ) Civil Action No. 05-2348 (EGS)
                                   )
                                   )
GEORGE BUSH, *et al.*,             )
                                   )
                Respondents.       )
_____)

## ORDER

Pending before the Court is petitioner's Emergency Motion to Enjoin Military Commission Proceedings. Petitioner has been detained since March of 2002 and is currently being held at the United States Naval Station, Guantanamo Bay, Cuba ("Guantanamo"). Petitioner requests that the Court enjoin the military commission("commission") proceedings that are to resume against him on May 15, 2006, until the Supreme Court has issued a final decision in the appeal of *Hamdan v. Rumsfeld*, 415 F.3d 33 (D.C. Cir. 2005).

A motions hearing was held on May 11, 2006.[1] Upon consideration of the motion, the response and reply thereto, the oral arguments, and the Supreme Court's grant of *writ of certiorari* in *Hamdan*, which has been fully briefed and argued,

---

[1] Petitioner's motion was filed on May 8, 2006, and the briefing was completed on an expedited basis, in order to accommodate the time constraints of this case.

1

the Court concludes that petitioner's motion is **GRANTED** and any military commission proceedings[2] scheduled to resume on May 15, 2006, shall be **STAYED** pending the issuance of a final decision by the Supreme Court in *Hamdan*.

"To justify the granting of a stay, a movant need not always establish a high probability of success on the merits. Probability of success is inversely proportional to the degree of irreparable injury evidenced.  A stay may be granted with either a high probability of success and some injury, or *vice versa*." *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985); *Hicks v. Bush*, 397 F. Supp. 2d 36, 44 (D.D.C. 2005).

The harm to the petitioner is undoubtedly irreparable.  Next week, petitioner faces proceedings before a commission that may be deemed illegal within a month.  On the other hand, the Court fails to see any prejudice to the respondents by waiting for the Supreme Court's determination that its commission does not violate the Constitution.  The government contends that it would suffer a "practical prejudice" if it were unable to proceed as quickly as it would like.  The government's approach, however, to continue proceedings before a military commission whose very legality is under review by the Supreme Court, hardly seems more

---

[2] Includes all pretrial proceedings, such as a preliminary hearing, motions hearing or others.

practical.[3]  The government also claims that this brief delay would imperil the war effort.  The government has not explained, however, why the Court must adhere to the laws of war now, rather than wait a few weeks so that it may follow the rule of law, as it will be determined by the Supreme Court.

The premise of the government's final argument, that this Court is without jurisdiction to entertain any habeas corpus petition filed by a Guantanamo detainee, including one already pending when the Detainee Treatment Act was signed into law on December 30, 2005 – is a disputed issue that was litigated and is currently under consideration by the United States Court of Appeals for the District of Columbia, *Kalid v. Bush,* 355 F. Supp. 2d 311 (D.D.C. 2005), *appeal docketed sub nom. Boumediene v. Bush*, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 10, 2006), and by the Supreme Court in *Hamdan*.  Until that dispute is resolved by these higher courts, respondent's argument is premature.  *See Adem v. Bush*, No. 05-723, 2006 WL 1193853 (D.D.C. Apr. 28, 2006).[4]

Thus, for the foregoing reasons, petitioner's motion is

---

[3]Indeed, as early as December of 2004, the government recognized the practicality of staying military commission proceedings pending the outcome of *Hamdan*.  *See Al Qosi v. Bush*, No. 04-1937, slip op. at 2 (Dec. 17, 2004).  Although policy changes are certainly within the government's prerogative, the Court cannot understand how staying military commission proceedings in the present case, when a final decision in *Hamdan* is even more imminent, is any less practical.

[4]No appeal has yet been docketed.

3

GRANTED and respondents are enjoined from further proceedings associated with the military commission process with respect to petitioner, pending a final decision by the Supreme Court in *Hamden*. A status hearing is scheduled for June 29, 2006 at 11:30 a.m.

**Signed by:**     **EMMET G. SULLIVAN**
                      **UNITED STATES DISTRICT JUDGE**
                      **May 12, 2006**