IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GHASSAN ABDULLAH AL SHARBI )
BY HIS NEXT FRIEND, )
ABDULLAH AL SHARBI )
)
Petitioner ) CV 05-2348 (EGS)
)
v. )
)
GEORGE W. BUSH, ET AL., )
)
Respondents )
)

PETITIONER'S RESPONSE TO RESPONDENTS'

MOTION TO DISMISS

The Government's Motion to Dismiss all habeas corpus cases in the District Courts is presently before the United States Court of Appeals for the District of Columbia in consolidated appeals[1] *sub nomine* <u>Mahmoad Abdah, et al. v. George Bush, et al.</u>, docket number 05-5224. The Government filed, in that case, a motion to vacate the District Court orders and dismiss the habeas corpus petitions in the District Court for lack of jurisdiction. That motion was based on the decision of the Court of Appeals in <u>Boumedienne v. Bush</u>, 476 F.3d 981, *cert. denied*, ___ U.S.___, 127 S.Ct. 1478 (2007), upholding the Military Commissions Act of 2006, Pub. L. No. 109-366, §7, 120 Stat. 2600 and the Detainee Treatment Act of 2005, Pub. L. No. 109-148, Tit. X, 119 Stat. 2680. These enactments purported to deny Guantánamo detainees access to United States courts, except on a sharply constricted basis. Among other things, they purported to strip detainees of habeas corpus protection.

DOWNS
RACHLIN
MARTIN PLLC

While the instant case is not before the Court of Appeals, the resolution of those consolidated cases will affect, if not determine, the outcome in this case. This Court has previously shown a disposition to avoid proceedings which may shortly thereafter be mooted by the action of of a reviewing court. *See* Document #13 in the instant case, enjoining Military Commission proceedings against Petitioner in light of the imminent decision of the United States Supreme Court in Hamdan v. Rumsfeld, __U.S.__, 126 S.Ct. 2749 (2006), which did, in fact, invalidate the previous Military Commission schema. Similarly, this Court should either deny Respondents' Motion to Dismiss or defer consideration of that motion until the Court of Appeals has ruled on substantially identical motions.

The denial of certiorari in Boumedienne by the Supreme Court did not lay the issue to rest, as the Respondents contend. In a separate statement, Justices Stevens and Kennedy wrote that, given "our practice of requiring the exhaustion of available remedies as a precondition to accepting jurisdiction over applications for the writ of habeas corpus," denial of certiorari was appropriate "at this time." 127 S.Ct. 1478. The Justices specifically expressed concern that the status quo be maintained during the litigation: "Were the Government to take additional steps to prejudice the position of Petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'" Id. (quoting Padilla v. Hanft, 547 U.S. 1062 (Kennedy, J., concurring in the denial of certiorari)).

It is difficult to see how the Government could act more directly "to prejudice the position of Petitioners in seeking review" in the Supreme Court than it has done by moving to dismiss this case, thereby removing it entirely from the course of potential review. At the very

---

[1] The instant case is not one of the consolidated cases on appeal. No appeal has been filed in this case.

least, this Court should either deny the Respondent's motion or defer consideration of it until the Court of Appeals has acted definitively in the Abdah appeal. If the Court of Appeals hasn't seen fit to grant the Government's motion to dismiss all District Court habeas cases, this Court should not speculate how the Court of Appeals will eventually rule on that motion.

Burlington, Vermont. May 3, 2007.

Respectfully submitted:

_____
Robert D. Rachlin
DOWNS RACHLIN MARTIN PLLC
PO Box 190
199 Main Street
Burlington, VT 05402-0190
(802) 846-8327
rrachlin@drm.com

Attorney for Petitioner

CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2007, I served the foregoing on counsel of record by electronically filing this document with the Court's CM/ECF system:

_____
Robert D. Rachlin