IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GHASSAN ABDULLAH AL SHARBI, )<br>    Petitioner, )<br>v. )<br>)<br>GEORGE W. BUSH, )<br>    President of the United States, )<br>    et al., )<br>    Respondents )<br>) | Civil Action No. 05-cv-2348 (EGS) |

**GOVERNMENT'S MOTION TO DISMISS IMPROPER RESPONDENTS**

Petitioner in this case sued a variety of respondents in their official capacities and seeks a writ of *habeas corpus* on grounds he has been unlawfully detained. However, most of the respondents named are not appropriate parties to this litigation, and should be dismissed. This Court has jurisdiction over the Secretary of Defense, the only respondent necessary for effectuating any relief the Court might order in this habeas petition. All other respondents should thus be dismissed.[1] In particular, the President is an improper respondent because it is well-settled that courts lack jurisdiction to compel the President to perform official acts. Any respondent outside the chain of command under the Secretary of Defense is improper, because that individual lacks legal control over the petitioner's custody. And all other respondents within the Department of Defense answer to, and may be directed by the Secretary of Defense, and are therefore redundant. Thus, other than the Secretary of Defense, in his official capacity, the respondents should be dismissed from this action.

---

[1] Counsel for respondents has contacted counsel for petitioner, who indicates he opposes this motion.

## ARGUMENT

**RESPONDENTS OTHER THAN THE SECRETARY OF DEFENSE SHOULD BE DISMISSED AS IMPROPER AND UNNECESSARY**

Although *Boumediene* holds that Petitioner may pursue his petition for a writ of habeas corpus in this Court, he may only seek that relief from a proper respondent. First, it is patently clear that the President must be dismissed. Simply put, the Court lacks jurisdiction to order the President himself to provide relief. Second, all other respondents other than the current Secretary of Defense in his official capacity should likewise be dismissed. A respondent who is not petitioner's custodian, or does not have legal control over petitioner's custody, cannot be compelled to provide any relief and must be dismissed as improperly named. And respondents within the Department of Defense chain of command, but subordinate to the Secretary of Defense, are certainly not necessary to this case. Rather the Secretary, over whom this Court properly has jurisdiction, is a sufficient respondent.

**I.     The President of the United States Is Not A Proper Respondent And Must Be Dismissed**

With respect to the President, the federal courts have "no jurisdiction … to enjoin the President in the performance of his official duties," or to otherwise compel the President to perform any official act. *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 498-499, 18 L.Ed. 437 (1867); *see Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992) (plurality); *id.* at 825 (Scalia, J., concurring in part and concurring in the judgment). Thus in *al-Marri v. Rumsfeld*, 360 F.3d 707, 708 (7th Cir. 2004), the Seventh Circuit dismissed the President in a similar habeas case because, concluding that "[s]uits

contesting actions of the executive branch should be brought against the President's subordinates." And although the Supreme Court has left open the question whether the President may be ordered to perform a purely "ministerial" duty, see *Franklin*, 505 U.S. at 802, the relief petitioners ultimately seek—*i.e.*, their release from custody—is far from ministerial. In any event, there is no reason to test the issue where, as here, there is a proper respondent—the Secretary of Defense—who the Government concedes can fully effectuate any relief that might be ordered by the Court.

Moreover, the President could not be called petitioner's custodian even if he were otherwise an appropriate litigant. Although the President may have authorized custody, it is the Secretary of Defense who is the legal custodian. *See al-Marri*, 360 F.3d at 708; *Rumsfeld v. Padilla*, 542 U.S. 426, 436 n.9 (2004). Thus, the President must be dismissed as a respondent in this habeas proceeding.

## II. The Respondents Other Than The Secretary Of Defense Either Lack Legal Control Over Petitioner Or Are Unnecessary To This Action

Respondents who are not in the Department of Defense, and who therefore are not petitioner's immediate custodian, are not supervisory officials of the petitioner's immediate custodian, and do not have legal control over any form of the "custody" of petitioner, are improperly named and should be dismissed. In *Padilla*, the Supreme Court made clear that the only proper respondents for a petition for a writ of habeas corpus are: (1) the immediate custodian of the petitioner (except that a supervisory official of that custodian may be the respondent when the petitioner is held abroad in a military context), or (2) the entity or person who exercises legal control with respect to the challenged custody. 542 U.S. at 434-38 & n.9. No officials outside of the Department of Defense meet either criteria. Indeed, only those within the chain of command between

3

petitioner's immediate custodian at Guantanamo Bay, Cuba and the Secretary of Defense either have "custody" or "legal control" over petitioner. And although the immediate custodian would normally be the only proper respondent in a habeas petition, the Supreme Court has recognized an exception in cases of extraterritorial detentions to include supervisory officials up to, and including, the Secretary of Defense. *Id*. at 436 n.9 (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11 (1955); *Burns v. Wilson*, 346 U.S. 137 (1953)). Thus, respondents not in the custodial chain of command must clearly be dismissed.

Finally, because the Secretary of Defense is a proper respondent and is within this Court's jurisdiction, those other respondents named within the chain of command are superfluous and should be dismissed. Indeed, in the related context of the Detainee Treatment Act ("DTA"), Congress provided that, in cases challenging enemy combatant status determinations, only the Secretary of Defense should be named as the respondent. See Pub.L. 109-163, Div. A, Title XIV, § 1405(e)(5), 119 Stat. 3476 (Jan. 6, 2006) ("The Secretary of Defense shall be the named respondent in any appeal to the United States Court of Appeals for the District of Columbia Circuit under this subsection."). Congress's judgment in the DTA context should be followed here as well. Any order of relief may be properly addressed to the Secretary of Defense, in his official capacity, and no other respondents are required.

## CONCLUSION

The respondents, other than the Secretary of Defense in his official capacity, should be dismissed from this action.

Dated: August 12, 2008	Respectfully submitted,

 	GREGORY G. KATSAS
 	Assistant Attorney General

 	JOHN C. O'QUINN
 	Deputy Assistant Attorney General


 	    */s/ Scott M. Marconda*
 	JOSEPH H. HUNT (D.C. Bar No. 431134)
 	VINCENT M. GARVEY (D.C. Bar No. 127191)
 	JUDRY L. SUBAR (D.C. Bar No. 347518)
 	TERRY M. HENRY
 	AUGUST E. FLENTJE
 	ALEXANDER K. HAAS
 	PAUL AHERN
 	SCOTT M. MARCONDA
 	Attorneys
 	United States Department of Justice
 	Civil Division, Federal Programs Branch
 	20 Massachusetts Avenue N.W.
 	Washington, DC  20530
 	Tel:  (202) 305-0169
 	Fax:  (202) 616-8470

 	Attorneys for Respondents