IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GHASSAN ABDULLAH AL SHARBI<br>BY HIS NEXT FRIEND,<br>ABDULLAH AL SHARBI | )<br>)<br>)<br>) | |
| Petitioner | ) | CV 05-2348 (EGS) |
| v. | )<br>)<br>) | |
| GEORGE W. BUSH, ET AL., | )<br>) | |
| Respondents | )<br>) | |

**PETITIONER'S RESPONSE TO RESPONDENTS' MOTIONS [DOCUMENTS #49, 51, AND 54]**

<u>Response to Respondents' Motion for Evidence that Petitioner Directly Authorized this Action [49]</u>

In compliance with the Court's ORDER of July 31, 2008 setting forth instructions to counsel [45] and the Court's express direction to Petitioner's counsel given at the status conference of July 29, 2008, Petitioner's counsel traveled to Guantánamo on August 12, 2008. On the following day, counsel requested a meeting with Petitioner, which was refused. In further compliance with the Court's ORDER, Petitioner will file a status report on or before September 2, 2008, setting forth in detail the particulars of that interaction.

Petitioner's counsel contends that the requirement "direct authorization" requested by Respondents should be considered by the Court in light of evidence that Petitioner's mental and emotional state as that may be affected both by Petitioner's underlying medical history and the course of his treatment and mistreatment at Guantánamo.

Accordingly, Petitioner's counsel requests that the Court defer a ruling on Respondents' motion until the facts have been fully disclosed to the Court and Respondents and Petitioner's counsel has an opportunity to brief the status of this "next friend" petition.

DOWNS
RACHLIN
MARTIN PLLC

**Response to Respondents' Motion to Dismiss Improper Respondents [51]**

Petitioner does not object to substituting the present Secretary of Defense, Dr. Robert Gates, for Donald Rumsfeld.  Petitioner agrees that, as all respondents have been served in their official capacities only, the current occupants of the named positions should be substituted for those named in the petition, as appropriate.  They should be retained as parties, because each exercises some measure of control over the status of Petitioner. Petitioner does not object to removing the President of the United States as a party to this petition.

**Response to Respondents' Motion to Dismiss Petitioner's Habeas Case without Prejudice or to Hold the Petition in Abeyance pending Completion of Military Commission Proceedings**

Repondents' motion is based upon the flawed premise that, because a charge has been preferred against a prisoner, the legality of his detention cannot be challenged.  While it is true that the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny – the so-called *Younger* cases – generally stand for the proposition that once a state prosecution has begun, a prisoner must exhaust his state remedies before the federal courts will intervene, there are important qualifications applicable here.  The *Younger* cases involved efforts to <u>enjoin</u> a prosecution.  That is not the gravamen of this petition.  The issue before this Court is not whether a prosecution of Petitioner should be enjoined, but whether his detention is illegal.  Furthermore, mere *threatened* prosecution does not prevent federal intervention to enjoin it.  *Steffel v. Thompson*, 415 U.S. 452 (1974).

This Petitioner has been charged, but the charges (upon information and belief) have not been <u>referred</u>.  This referral, in essence, an approval of the charges by the Secretary of Defense or his designee, is a condition of any proceedings of the Military Commission.  Rules for

Military Commissions, Rule 201(b)(3)(c) ("Each charge before the military commission must be referred to it by a competent authority")[1]  *See, also* Rule 401, giving the Secretary of Defense or his designee the power to dismiss or refer charges.

Examination of the Defense Deparrtment's "Defenselink" web publication of Military Commission information discloses that, in the case of this Petitioner, charges have been sworn, but not yet referred.  http://www.defenselink.mil/news/commissionsSharbi.html (last accessed August 19, 2008).   In the cases of detainees whose Military Commission proceedings have already commenced, there is a specific note of "Referred Charges."  *See*, for example, the cases of Khadr (http://www.defenselink.mil/news/commissionsKhadr.html), Jawad (http://www.defenselink.mil/news/commissionsJawad.html), and Hamdan (http://www.defenselink.mil/news/commissionsHamdan.html).[2]   By clicking on the "referred charges" link, one accesses a PDF of a document showing referral of the charges by Susan J. Crawford, Convening Authority.[3]

Thus, as of this writing, charges against this Petitioner have not been referred and are therefore not before the Military Commission.  The *Younger* line of cases does not apply.  There are no "ongoing military commission proceedings." Respondents' Motion [54], p. 2.

Not only are there no proceedings pending before the Military Commission; even if the charges *had* been referred, this Court would not be precluded from exploring the legality of Petitioner's *detention*.  The *Younger* cases all involve proceedings before regularly-constituted civilian courts.  The Military Commission is an extraordinary tribunal.  Petitioner has been detained for over six years.  A challenge to the legality of his detention is not the equivalent of a

---

[1] These rules are accessible at www.defenselink.mil/pubs/pdfs/Part%20II%20-%20RMCs%20(FINAL).pdf, last accessed on August 19, 2008.

[2] All the cited web pages were last accessed on August 19, 2008.


DOWNS
RACHLIN
MARTIN PLLC

3

suit to enjoin proceedings. But even if proceedings had been commenced following the requisite referral, the facts of Petitioner's prolonged pre-"trial" detention would take the case out of the ordinary run of *Younger*-type situations and require a fresh look at the principle of non-interference. In addition, the *Younger* line of cases deals with federal intervention in <u>state</u> prosecutions. The instant prosecution, if it is ultimately referred, is a <u>federal</u> proceeding.

It is noteworthy that the Government has asserted the privilege of detaining persons even following an acquittal by the Military Commission.[4] This underscores the fundamental point that Petitioner is entitled to challenge his <u>detention</u> – the basic office of habeas corpus – without regard to the status of Military Commission proceedings to which he is, or may become, a party.

Finally, Petitioner respectfully refers to this Court's ORDER of May 12, 2006 [13] "granting [this Petitioner's] Motion for a Preliminary Injunction pending a final decision by the Supreme Court in Hamdan v. Rumsfeld." By MINUTE ORDER of June 29, 2006, following the Supreme Court decision, this Court extended the injunction. It is clear that this Court saw no jurisdictional, precedential, or prudential impediment to acting directly on a Military Commission proceeding which, at that time, had actually commenced.

Cases such as Petitioner's are simply not *ejusdem generis* as the *Younger*-type cases relied on by Respondents. In light of Petitioner's extended incarceration, this Court should deny Respondents' effort further to delay an accounting to the Court.

Burlington, Vermont. August 19, 2008.

---

[3] In the case of Hamdan, the link is entitled "Military Commission Charges Referred." In the other two, the title is simply "Referred Charges."

[4] Petitioner is unable timely to locate a suitable citation for this assertion. However, its accuracy can be confirmed by an appropriate inquiry by the Court directed to Respondents' counsel.

Downs Rachlin Martin PLLC

4

                                              Respectfully submitted,

/s    Robert D. Rachlin
       DOWNS RACHLIN MARTIN PLLC
       PO Box 190
       199 Main Street
       Burlington, VT 05402-0190
       Tel. (802) 846-8327
       rrachlin@drm.com

2789613.1

DOWNS
RACHLIN
MARTIN PLLC

5