IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GHASSAN ABDULLAH AL SHARBI<br>*BY HIS NEXT FRIEND,*<br>*ABDULLAH AL SHARBI*<br><br>    Petitioner<br><br>v.<br><br>GEORGE W. BUSH, ET AL.,<br><br>    Respondents | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV 05-2348 (EGS) |

**PETITIONER'S STATUS REPORT PURSUANT TO COURT'S JULY 31, 2008 ORDER [45]**

<u>Facts of Compliance with Court's Order</u>

The Court has directed Petitioner's counsel, verbally on July 29, 2008 and by ORDER [45] dated July 31, 2008 to travel to the U.S. Naval Base at Guantánamo, Cuba ("Guantánamo") and explicitly request a meeting with the Petitioner. In prompt compliance with the Court's ORDER, I traveled to Guantánamo on August 12, 2008 in the company of Petitioner's detailed military counsel, Lieutenant Colonel Thomas Krzyminski of the Office of Military Commissions – Defense.

By pre-arrangement, LTC Krzyminski had arranged with the Joint Task Force Judge Advocate General's Office to transmit a request to Petitioner to meet with me. On August 13, 2008, LTC Krzyminski and I went to the Judge Advocate General's Office, where we were verbally informed that the Petitioner refused to meet with me.

I then wrote a note to him on a special form provided by the Judge Advocate General for use in cases of a detainee's refusal to meet with counsel. In the note, I explained that I had been requested by his father to represent him in the captioned proceeding and requested that he meet with me.

DOWNS
RACHLIN
MARTIN PLLC

LTC Krzyminski and I traveled to the camps with two members of the Judge Advocate General's Office. While we waiting in an adjoining parking area, the two members of the Judge Advocate General's Office went to the camp. Upon their return to the parking lot, they gave me a written response by Petitioner. In substance, Petitioner refused to meet with me, refused my representation, and stated that he had written this Court requesting that the petition for a writ of habeas corpus be withdrawn.

What Next?

Petitioner's counsel contends that Petitioner's rejection of counsel and direction to withdraw the petition should not be honored unless and until an investigation has been made to establish Petitioner's mental and emotional capacity to give such a direction with full knowledge and information of the effect of such action on his interests. To that end, Petitioner's counsel will request, at the September 22, 2008 status conference, that a briefing schedule be established to allow Petitioner's counsel to establish that (1) there is a good faith basis for doubting Petitioner's mental and emotional capacity to act in his own interests, and (2) discovery should be ordered to permit the Court and the parties to make a reasoned and informed judgment about Petitioner's capacity.

Burlington, Vermont. September 2, 2008.

                                          Respectfully submitted,

/s    Robert D. Rachlin
       DOWNS RACHLIN MARTIN PLLC
       PO Box 190
       199 Main Street
       Burlington, VT 05402-0190
       Tel. (802) 846-8327
       rrachlin@drm.com