IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

GHASSAN ABDULLAH AL SHARBI,          )
*BY HIS NEXT FRIEND*,                 )
*ABDULLAH AL SHARBI*                  )
        Petitioner,       )
                                     )
v.                                   )
                                     ) Civil No. 05-CV-2348 (EGS)
GEORGE W. BUSH, *et al.*              )
                                     )
                                     )
        Respondents       )
_____)

## RESPONDENTS' STATUS REPORT

Pursuant to the Court's July 31, 2008 Order (dk. 45), undersigned counsel for respondents state as follows:

### Background

1)    Respondents filed a status report on July 14, 2008. (dk. 38.)  In that report, respondents stated (a) petitioner was the sole detainee-petitioner in this case; (b) petitioner is a citizen of Saudi Arabia, and the petition was filed on his behalf by his next friend; (c) petitioner is presently detained at Guantanamo Bay; (d) petitioner had been determined to be an enemy combatant by a Combat Status Review Tribunal (CSRT); (e) petitioner had been charged with Conspiracy and Providing Military Support for Terrorism pursuant to the Military Commissions Act of 2006 (MCA), 10 U.S.C. §§ 948a, *et seq*.; (f) respondents intended to seek to have this case dismissed or held in abeyance pending resolution of the MCA

proceedings; (g) respondents did not oppose entry of the three procedural orders originally entered in 2004; (h) respondents requested that petitioner inform respondents whether direct (as opposed to next friend) authorization had been obtained; and (i) there was one duplicate petition with respect to this petitioner. This status report concerns events subsequent to the July 14, 2008, report.

**Recent Events**

2) On July 18, 2008 (dk. 39), the Court solicited the parties' views as to what impediments prevented resolution of the case. Petitioner responded that the Government had not filed a factual return, and should do so. (dk. 41.) The Government responded that petitioner had been charged with a war crime pursuant to the MCA and that the habeas case should be dismissed or held in abeyance pending the outcome of that proceeding, and that the Court should coordinate its approach to that issue with Judge Hogan. (dk. 42.)

3) The parties alerted the Court that the instant petition could possibly be duplicative with regard to another petition filed on behalf of numerous detainees in *Mohammon v. Bush*, No. 05-2386. (dk. 44.) Judge Hogan has since entered a dismissal order in *Mohammon* with respect to all petitioners not specifically identified in the order. Since Al Sharbi was not identified in the order, the dismissal was effective as to him. Thus, this proceeding is not duplicative.

4) On August 5, 2008, the Government moved to correct or amend the protective order in multiple cases. (dk. 47.) The instant petitioner does not object, and the motion remains pending.

5)    On August 12, 2008, the Government filed three motions.  The Government

sought an order seeking evidence that Al Sharbi authorized the instant petition.

(dk. 49.)  The Government also moved to dismiss improper respondents.  (dk. 51.)

Finally, the Government moved to dismiss the petition, or hold it in abeyance,

pending completion of the Military Commission proceedings.  (dk. 54.)

Petitioner opposed all three motions (dk. 57), and they remain pending.  The

Government is particularly concerned whether Al Sharbi authorized the instant

proceeding.  In his 2004 CSRT hearing, petitioner evinced little or no interest

disputing the charges against him or his status as an enemy combatant.  (dk. 55.)

Moreover, when Mr. Rachlin traveled to Guantanamo in order to meet with

petitioner in August 2008, petitioner refused to meet with him.  (dks. 57, 58.)

6)    The Government filed a brief (dk. 53) in response to the Court's order of July 31,

2008 (dk. 45), regarding preliminary and procedural framework issues.  Petitioner

filed a response. (dk. 56.)

7)    On August 29, 2008, the Government filed a factual return in the instant

proceeding, together with a notice of filing of factual returns in this and several

other cases.  The notice and return were inadvertently filed under the number 05-

CV-23**84**, instead of the correct number, 05-CV-23**48**.  The Government will file

a corrected notice of filing.

**Government's Efforts to Improve Attorney Visitation Procedures**

The undersigned understand that DoD has undertaken taken the following steps to improve and streamline habeas attorney access to detainees at Guantanamo in light of the habeas proceedings:

8)    In an effort to assist counsel in traveling to Guantanamo, DoD will be making certain pre-existing military transport flights available for habeas counsel use. Space for habeas counsel will be available on these flights (subject to military necessity), that depart from Andrews Air Force Base early on Tuesday mornings and will leave Guantanamo on Thursday afternoons. The fee for such travel is approximately $350 each way. Counsel may make arrangements for such flights through the Guantanamo habeas visit coordinator's office.

9)    With respect to time slots available for counsel visits with detainees at Guantanamo, Guantanamo has recently increased the number of slots available and, to date, these slots have been adequate to support visit requests..

10)    Where a case-specific need can be demonstrated, DoD also will attempt to accommodate extended visit hours during the day or visits on weekends.

11)    DoD is in the process of installing multiple secure telephone lines in the secure habeas work facility and at Guantanamo, so that habeas counsel can speak with a represented detainee by telephone in lieu of a visit to Guantanamo.

12)    With respect to improving the time taken for delivery of habeas counsel's presumptively classified counsel notes to the U.S. after a visit with a detainee at

Guantanamo, DoD is taking a number of steps to facilitate counsel's ability to receive and use such materials in a timely fashion.  Heretofore, such materials were sent by certified mail from Guantanamo to the secure habeas work facility outside Washington, D.C., with counsel able to request classification review of the notes once they arrived.[1]

a.  DoD, however, has now stationed a member of the Privilege Team at Guantanamo, so that he can, at counsel's request and where exigency exists, review counsel meeting notes at Guantanamo.  Where determined to be unclassified, the notes are returned to and may be used by counsel outside any classified setting, including being brought out of Guantanamo in counsel's briefcase.

---

[1] *See In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174, Exhibit A §§ VI, VII  (D.D.C. Nov. 8, 2004) (Protective Order permitting counsel to request classification review by Privilege Team of counsel notes so as to permit counsel's use of unclassified information outside the facility).

b.  DoD has also established a courier system to transport counsel notes and detainees' legal mail to the secure facility every two weeks.  This courier system will also, upon counsel request, transport counsel's legal mail to Guantanamo during these courier runs.

In addition, DoD continues otherwise to examine its visit facilities and practices in order to identify areas that may need adjustment or revision in order to streamline counsel visit procedures.

Dated: September 2, 2008                Respectfully submitted,

                                        GREGORY KATSAS
                                        Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel

                                        /s/ _Margaret Kuehne. Taylor_____
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        JUDRY L. SUBAR (D.C. Bar No. 347518)
                                        TERRY M. HENRY
                                        ANDREW I. WARDEN
                                        MARGARET KUEHNE. TAYLOR
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        P.O. Box 883
                                        Washington, DC  20044
                                        Tel:  (202) 514-3969

                                        Attorneys for Respondents

7