IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>GHASSAN ABDULLAH AL SHARBI,  )<br>*BY HIS NEXT FRIEND,*  )<br>*ABDULLAH AL SHARBI*  )<br> )<br>Petitioner  )<br> )<br>v.  )<br> )<br>GEORGE W. BUSH, *et al.*  )<br> )<br>Respondents.  )<br>_____) | Civil Action No. 05-CV-2348 (EGS) |

**RESPONDENTS' REPLY IN SUPPORT OF
MOTION TO DISMISS IMPROPER RESPONDENTS AND
MOTION FOR EVIDENCE THAT
<u>PETITIONER DIRECTLY AUTHORIZED THIS ACTION</u>**

Respondents hereby submit this reply in support of respondents' motion to dismiss improper respondents, Government's Motion To Dismiss Improper Respondent's (improper respondents motion), docket (dkt.) no. 51, and in support of Respondents' Motion For Evidence That Petitioner Directly Authorized The Currently Pending Habeas Petition (direct authorization motion), dkt no. 49. Regarding respondents' improper respondents motion, dkt no. 49, a grant of this motion would result in the designation of Secretary of Defense Robert Gates as the only respondent and would, thereby, provide the Court and the parties with a straightforward manner of handling the litigation and an effective manner of ensuring execution of Court orders. Regarding respondents' direct authorization motion, dkt. no. 51, a grant of this motion would provide a manner of ensuring that the instant litigation is viable and, concomitantly, ensuring that precious judicial and party resources are properly expended.

## <u>THE PROPER RESPONDENT IS THE SECRETARY OF DEFENSE</u>

Because the parties have, through their pleadings, reached agreement on three proper respondent-related questions, only one narrow proper respondent question is before the Court at this juncture. *See* Improper Respondents Motion, dkt. no. 51; Petitioner's Response To Respondents' Motion For Evidence That Petitioner Directly Authorized This Action (Petitioner's Response), dkt no. 57. The areas of agreement are: (1) the President of the United States is not a proper respondent; (2) at this point in time, former Secretary of Defense Donald Rumsfeld is not a proper respondent because he no longer serves as Secretary of Defense; and (3) Secretary of Defense Robert Gates, the current Secretary of Defense is a proper respondent. *See* Improper Respondents Motion, dkt. no. 51; Petitioner's Response, dkt no. 57.

The proper respondent question which is in dispute is whether the current Secretary of Defense, Secretary Gates, is the only proper respondent in Guantanamo Bay habeas litigation, such as this one. The answer to that question is "yes".

The ultimate custodian of military detainees being held at Guantanamo Bay, such as al Sharbi, is the currently serving Secretary of Defense, Secretary Gates. In his custodial capacity, Secretary Gates has full legal control over any and all custodial detainee matters. Consequently, Secretary Gates has the requisite authority to execute or ensure the execution of any habeas-related judicial order. Given the extra-territorial military detention context of the Guantanamo detentions, Secretary Gates is the only person who possesses this full panoply of powers over Guantanamo detainees. *See generally Rumsfeld v. Padilla*, 542 U.S. 426, 436 n. 9 (discussing exception to immediate custodian rule in extraterritorial detention cases in the military context).

2

Secretary Gates is, thus, the only respondent able to or necessary to effectuate **any** relief the Court may order.

Al Sharbi argues, through his "next friend", that respondents, including but not limited to Secretary Gates, should be retained because these other respondents also "exercise some measure of control" over him.   *See* Petitioner's Response, dkt. No. 57.   Al Sharbi's "next friend", however, does not show that the "measure of control" of  respondents currently named in addition to Secretary Gates differs from, augments, or otherwise impacts the control exercised by the Secretary of Defense.

In advocating respondents in addition to Secretary Gates, al Sharbi's "next friend", thus, does nothing more than advocate duplicative and unnecessary respondents.   The Court and the parties are better served by the straightforward clarity of one respondent, *i.e.*, Secretary Gates.

## THE EVIDENCE DOES NOT SHOW THAT AL SHARBI HAS AUTHORIZED THE HABEAS PETITION CURRENTLY PENDING BEFORE THE COURT

In their direct authorization motion, respondents seek relief in the form of evidence of direct authorization prior to the commencement of the merits portion of the Guantanamo Bay litigation, in order to confirm the viability of the habeas corpus petition pending in the instant case.   In light of the significant burdens the Guantanamo Bay litigation will impose on both the Court and the parties, this request for relief is both modest and reasonable.   To that end, respondents request in their motion that this Court adopt the approach taken by Judge Hogan in the consolidated Guantanamo Bay habeas cases requiring that, in order to proceed, a petitioner file evidence, at the threshold, that affirmatively shows authorization of counsel to pursue the action on his behalf.   To require anything less could lead to an untenable situation in which the

3

parties and the Court spend considerable time and effort litigating a case that a petitioner, such as al Sharbi, has no interest in pursuing.

At this juncture, it is anything but clear that al Sharbi's purported "next friend" will be able to show direct authorization. As the Supreme Court held in *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990), there is no automatic procedure for establishing "next friend" standing on behalf of a detained party. The "next friend" establishment procedure involves more than "simply pursu[ing] the cause on behalf of the detained person [because the detained party] remains the real party in interest". *Id*.

Faced with evidence seriously impairing his ability to demonstrate *bona fide* "next friend" status and his ability to demonstrate direct authorization, "next friend's" Counsel argues delayed consideration of respondents' direct authorization request in his Response, dkt. no. 57. The most "next friend's" Counsel does to deal with his impaired ability to demonstrate "next friend" status is make a random reference to al Sharbi's "mental and emotional state", a reference untethered to any evidence or any showing that al Sharbi's mental and emotion state is an issue.[1] While "next friend's" Counsel may implicitly be arguing that al Sharbi's refusal to meet with him and refusal to participate in the advocacy of the habeas petition filed on his behalf appears "crazy" to him in the colloquial sense, such sheer speculation in no way constitutes anything close to a legal or clinical competency standard.

---

[1] In those cases where mental competency is actually an issue, the issue is properly addressed in the context of proceedings before a military commission. *Cf. Hamdi v. Rumsfeld*, 542 U.S. 507, 538-539 (2004) (plurality) (stating, "[w]e anticipate that a District Court would proceed with the caution that we have indicated is necessary in this setting [the Guantanamo Bay habeas setting], engaging in a factfinding process that is both prudent and incremental").

4

The Supreme Court has held that "next friend" status can be established in part by "provid[ing] an adequate explanation – such as inaccessibility, **mental incompetence**, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action", *Whitmore*, 495 U.S. at 163-164 (emphasis added).  It should go without saying, however, that a *Whitmore* "next friend" showing of "mental incompetence" must be premised on something more than a wholly speculative invocation of the word "mental", as "next friend's" Counsel invokes the word here.

In the case at bar where there is a strong indication that al Sharbi, the real party in interest, and the purported "next friend" have mutually exclusive views regarding the efficacy of a habeas petition, the need for clarity is paramount.  It is for this very reason that the Court should require the filing of "direct authorization" evidence.

## CONCLUSION

For the above stated reasons, respondents other than Secretary Gates should be dismissed.  The Court should grant respondents' motion for evidence that al Sharbi has directly authorized this action.  The Court should deny the request of al Sharbi's "next friend's" counsel that a direct authorization showing requirement be delayed until after inquiry into the speculative reference to al Sharbi's mental and emotional state.

Dated:          September 4, 2008              Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/s/ Margaret Kuehne Taylor
JOHN H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
ANDREW I. WARDEN
MARGARET KUEHNE TAYLOR
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Tel:  202/305-8975

Attorneys for Respondents

6

7