UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
GHASSAN ABDULLAH AL SHARBI,   )
                              )
           Petitioner,        )
                              )
                              )    Civ. No. 05-2348 (EGS)
     v.                       )
                              )
GEORGE W. BUSH, et al.,       )
                              )
           Respondents.       )
_____)
```

## ORDER

Mr. Ghassan Al Sharbi ("Mr. Al Sharbi"), a citizen of Saudi Arabia, has been detained at Guantanamo Bay, Cuba for seven years, since March 2002. Pending before the Court is Mr. Al Sharbi's request to dismiss the habeas corpus petition filed on his behalf. Pursuant to the closed hearing held on March 6, 2009, at which Mr. Al Sharbi testified via video conference from Guantanamo Bay, Cuba, and upon consideration of the entire record in this case, and having determined that Mr. Al Sharbi is competent and is knowingly and voluntarily choosing to abandon the pending habeas challenge to his detention, the Court **GRANTS** Mr. Al Sharbi's request and Orders that the above-captioned case is **DISMISSED WITHOUT PREJUDICE**.

I.  BACKGROUND

In December 2005, Mr. Al Sharbi's father, Abdullah Al Sharbi, hired an attorney, Mr. Robert D. Rachlin, to represent his son, and filed a petition for habeas corpus as Mr. Al Sharbi's father and next friend. The habeas petition challenges

the lawfulness of Mr. Al Sharbi's detention as an enemy combatant.

Following the Supreme Court's decision in *Boumediene v. Bush*, 128 S. Ct. 2229 (June 12, 2008), this Court held a status conference in the above-captioned case on July 29, 2008. At that hearing, Mr. Rachlin advised the Court that he had been unable to meet with Mr. Al Sharbi because, despite Mr. Rachlin's efforts and his trips to Guantanamo, Mr. Al Sharbi refused to meet with him. Additional status reports and status conferences held in this case confirmed that Mr. Al Sharbi continued to refuse Mr. Rachlin's representation. In response to the government's efforts to have this case dismissed based on Mr. Al Sharbi's apparent lack of intent to pursue the habeas case brought on his behalf, Mr. Rachlin requested discovery into Mr. Al Sharbi's physical and mental health and treatment while at Guantanamo Bay, Cuba. See docket nos. 57 and 75. Mr. Rachlin contends that Mr. Al Sharbi may have been subjected to torture inflicted by the U.S. government or its agents, and that such torture may have had an impact on Mr. Al Sharbi's ability to make informed decisions with respect to these proceedings.

On December 8, 2008, the Court denied Mr. Rachlin's motion for discovery without prejudice, but did direct the government to file a declaration regarding Mr. Al Sharbi's medical and mental health treatment at Guantanamo Bay. That declaration was filed on December 18, 2008.

On or about January 7, 2009, the Court received a letter that appeared to be from Mr. Al Sharbi. See docket no. 88, also

attached hereto as Attachment A.  The letter was dated August 8, 2008, was written in English, and expressed to the Court that Mr. Al Sharbi did not want to pursue the habeas case brought on his behalf, did not wish to be represented by Mr. Rachlin or any other attorney, and that there should be no further petitions filed on his behalf.

In response to Mr. Al Sharbi's letter and upon consideration of the record in this case, the Court determined that it would be appropriate to engage in a colloquy with Mr. Al Sharbi in order to ensure that (a) Mr. Al Sharbi understands the rights he would be foregoing in dismissing the habeas petition filed on his behalf and (b) Mr. Al Sharbi is competent to waive those rights. The Court scheduled a hearing for March 6, 2009, for the purposes of questioning Mr. Al Sharbi.  In anticipation of the hearing, the Court provided Mr. Rachlin and counsel for the government with its proposed voir dire of Mr. Al Sharbi and afforded the attorneys an opportunity to object to any questions and to propose additional questions.  See docket no. 92.

The government objected to the phrasing of one of the Court's proposed questions, on the grounds that the question may be confusing or misleading.  See docket no. 96.  The Court sustained that objection and adopted the government's suggested language as to that question.  Mr. Rachlin did not object to the Court's proposed questions, but did suggest additional questions related to Mr. Al Sharbi's treatment during his detention, including questions as to whether Mr. Al Sharbi has been subjected to torture and what are his views on the U.S. legal

system.  See docket no. 94.  During the course of the hearing, the Court asked some, but not all, of Mr. Rachlin's suggested questions and also afforded Mr. Rachlin an opportunity to question Mr. Al Sharbi.

## II.  FINDINGS

On March 6, 2009, the Court held a closed hearing at which Mr. Al Sharbi appeared via video conference.[1]  The hearing lasted approximately an hour and a half, during which the Court asked Mr. Al Sharbi more than thirty questions designed to determine whether Mr. Al Sharbi is competent and therefore whether he is knowingly and voluntarily dismissing Mr. Rachlin and withdrawing the habeas petition filed on Mr. Al Sharbi's behalf.  The Court afforded the attorneys an opportunity to ask questions of Mr. Al Sharbi, and the Court afforded Mr. Al Sharbi several opportunities to ask questions of the Court and/or the attorneys.[2]  Mr. Al Sharbi did ask questions, particularly of Mr. Rachlin.

In an effort to stress the potential importance of these proceedings and to determine whether efforts could be made to address Mr. Al Sharbi's objections to these proceedings short of

---

[1] By Order dated March 10, 2009, the Court has directed that the Court Security Office conduct an expedited classification review and confer with the appropriate government agencies in order to determine whether any redactions are necessary before a copy of the transcript can be posted on the public docket.

[2] Colonel Thomas J. Krzyminski, who has been appointed to represent Mr. Al Sharbi in the Military Commission proceedings in Guantanamo Bay, also attended the hearing.  At the Court's invitation, Colonel Krzyminski made a statement and addressed Mr. Al Sharbi at the outset of the hearing and sat with Mr. Rachlin at counsel table.

-4-

dismissing the habeas petition, the Court inquired of Mr. Al Sharbi whether he would like the Court to appoint an attorney, including possibly a Muslim attorney, to represent him.  Mr. Al Sharbi declined, indicating that his objection to these proceedings was not a matter of who represents him but, instead, is based on a lack of confidence in the United States judicial process overall.

Based on the extensive discussion with Mr. Al Sharbi during the hearing on March 6, 2009, the Court makes the following findings:

Mr. Al Sharbi confirmed that he personally authored the August 8, 2008 letter to the Court.  The letter is written in English and demonstrates a clear determination and desire to terminate Mr. Rachlin's services and withdraw the habeas petition.

Mr. Al Sharbi can read and write and he speaks fluent English.  Mr. Al Sharbi declined the services of an interpreter for purposes of the hearing.  Mr. Al Sharbi is approximately thirty-five years old, has a bachelor's degree, and spent two years attending an undergraduate school in Arizona.

Mr. Al Sharbi understands that the Court is willing to appoint an attorney, including a Muslim attorney at Mr. Al Sharbi's request, to represent him or that he may represent himself for purposes of these proceedings.  Mr. Al Sharbi does not wish to have the Court appoint an attorney for him or to represent himself in these proceedings.

Mr. Al Sharbi stated that he had not taken any drugs,

alcohol or medication in the forty-eight hours prior to the hearing and denied ever receiving treatment for any type of mental illness or emotional disturbance.  Mr. Al Sharbi further denied having experienced any physical or emotional trauma that he believed would impact his ability to understand the proceedings or the consequences of his decision to dismiss Mr. Rachlin and withdraw the habeas petition.

   Mr. Al Sharbi confirmed that no one, including the U.S. military, Mr. Rachlin, or anyone else had made any promises to him about what would happen if he withdrew the habeas petition.  Mr. Al Sharbi confirmed for the Court, as he had indicated in his August 8, 2008 letter, that he was not coerced, or threatened or forced to withdraw the habeas petition.

   At the conclusion of the hearing, Mr. Al Sharbi stated that he understood the proceedings and had no questions.  He declined the Court's offer to provide him additional time to consider his decision and/or to consult an attorney.[3]

   Mr. Al Sharbi appears to be highly intelligent and well aware of his surroundings.  He understands the purpose of the habeas proceedings, and demonstrated at least a general understanding of the consequences of dismissing the petition.  In fact, Mr. Al Sharbi correctly pointed out during the hearing that he has access to the court system and can bring a habeas petition in the future, if he so chooses.  Nothing in Mr. Al Sharbi's

---

[3] The Court did take a recess after approximately an hour and fifteen minutes.  Mr. Al Sharbi indicated that he would like to pray, and the Court adjourned until Mr. Al Sharbi had finished praying.

-6-

testimony, behavior, or mannerisms exhibited during the course of the hearing cause the Court to question Mr. Al Sharbi's mental health, competency, lucidity, or ability to comprehend these proceedings.

### III. CONCLUSION

While the Court may certainly question the wisdom of abandoning a legal challenge to a detention that has lasted seven years without trial,[4] the Court cannot say that Mr. Al Sharbi is incompetent or is making the decision to withdraw the pending habeas petition involuntarily and unknowingly.  Mr. Al Sharbi was able to articulate to the Court his own reasons for wishing to proceed in this manner.  The Court cannot say that these reasons are based on incompetence, mental infirmity, or the result of threat or coercion.

Therefore, for the reasons stated herein, it is hereby

**ORDERED** that the habeas corpus petition filed on Mr. Al Sharbi's behalf in the above-captioned case is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

**Signed by:     Emmet G. Sullivan**
**               United States District Judge**
**               March 10, 2009**

---

[4] It appears that Mr. Al Sharbi has been charged three times in the Military Commission proceedings, but to date none of those charges have resulted in a trial or been adjudicated to conclusion.